# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI MICAH BARTER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JERRY BROWN, Governor, et al.,<br><br>　　　　Respondents. | Case No.  1:14-cv-00151-SAB-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF MANDAMUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND TERMINATE CASE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of mandamus pursuant to 28 U.S.C. § 1361.  He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On January 6, 2014, Petitioner filed the instant petition for writ of mandamus in the United States District Court for the Northern District of California.  The petition was transferred to the Eastern District on January 29, 2014, and received in this Court.  Petitioner complains that the warden of his institution "refuses in a draconian, arrogant manner to adjudicate the '602 appeal process.'" (Petition at 1.)  Petitioner seeks an order of mandate directing the warden to "'process' and 'answer' all actions requested on this screened out '602.'"  (Id.)

## DISCUSSION

The All Writs Act, codified at 28 U.S.C. § 1651(a), provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid

of their respective jurisdictions and agreeable to the usages and principles of law." The federal mandamus statute set forth at 28 U.S.C. § 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is only available to compel an officer of the United States to perform a duty if (1) the petitioner's claim is clear and certain; (2) the duty of the officer "is ministerial and so plainly prescribed as to be free from doubt," Tagupa v. East-West Center, Inc., 642 F.2d 1127, 1129 (9th Cir.1981) (quoting Jarrett v. Resor, 426 F.2d 213, 216 (9th Cir.1970)); and (3) no other adequate remedy is available. Piledrivers' Local Union No. 2375 v. Smith, 695 F.2d 390, 392 (9th Cir.1982).

Here, mandamus relief is not available because Respondent is not an officer, employee or agency of the United States. In addition, 28 U.S.C. § 1651(a) does not invest a federal district court with the power to compel performance of a state court, judicial officer, or another state official's duties under any circumstances. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) (11th Amendment prohibits federal district court from ordering state officials to conform their conduct to state law). Thus, a petition for mandamus to compel a state official to take or refrain from some action is frivolous as a matter of law. Demos v. U.S. District Court, 925 F.2d 1160, 1161–72 (9th Cir.1991); Robinson v. California Bd. of Prison Terms, 997 F.Supp. 1303, 1308 (C.D.Cal.1998) (federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties); Dunlap v. Corbin, 532 F.Supp. 183, 187 (D.Ariz.1981) (plaintiff sought order from federal court directing state court to provide speedy trial), *aff'd without opinion*, 673 F.2d 1337 (9th Cir.1982). The instant petition must be dismissed.

///
///
///
///
///

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of mandamus is DISMISSED; and

2) The Clerk of Court is DIRECTED to enter judgment and terminate the action.

IT IS SO ORDERED.

Dated: **February 24, 2014**

UNITED STATES MAGISTRATE JUDGE