UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI MICAH BARTER,<br><br>    Petitioner,<br><br>    v.<br><br>JERRY BROWN, Governor, et al.,<br><br>    Respondents. | 1:14-cv-00151-SAB-HC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>[ECF No. 13] |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of mandamus pursuant to 28 U.S.C. § 1361.  On February 21, 2014, he consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

    On February 25, 2014, the Court dismissed the petition.  Judgment was entered the same day.  On March 10, 2014, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b).

    Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>     (4) the judgment is void;
>     (5) the judgment has been satisfied, released, or discharged; it is based on an earlier

judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Petitioner's arguments do not merit reconsideration of the dismissal.  In his petition, Petitioner claimed that the warden of Kern Valley State Prison was refusing to adjudicate his "602" appeals in a "draconian, arrogant manner." (Petition at 1.)  He requested that the Court issue a writ of mandamus directing the warden to "'process' and 'answer' all actions requested on [Petitioner's] screened out '602.'" (Petition at 1.)  Petitioner complained that the warden by virtue of his actions was obfuscating his attempt to seek the earliest possible release date he was entitled to under Apprendi v. New Jersey, 530 U.S. 466 (2000) and California Proposition 36 of 2012.

In his motion for reconsideration, Petitioner now contends his request for writ of mandamus is only one component of the case he seeks to present.  He states he is also seeking a petition for writ of habeas corpus and he cites Apprendi in support.  The Court is not persuaded.  To the extent Petitioner seeks a writ of mandamus directing the warden of his institution to perform his duties as required under California law, the Court is without jurisdiction.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) (11th Amendment prohibits federal district court from directing state officials in the performance of their duties).  To the extent Petitioner seeks to challenge his underlying conviction under Apprendi, he must do so in the district where he was convicted.  Since Petitioner was convicted in the Los Angeles County Superior Court, the proper venue for a habeas action is the Central District of California.  If Petitioner desires to file a petition for writ of habeas corpus, he must do so in the Central District using the proper forms as prescribed by the local rules of the Central District or as set forth in the Rules Governing Section 2254 Cases.

Accordingly, Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: **March 13, 2014**

UNITED STATES MAGISTRATE JUDGE

2