UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI MICAH BARTER,<br><br>    Petitioner,<br><br>    v.<br><br>JERRY BROWN, Governor, et al.,<br><br>    Respondents. | 1:14-cv-00151-SAB-HC<br><br>ORDER DENYING SECOND MOTION FOR RECONSIDERATION<br><br>[ECF No. 15] |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of mandamus pursuant to 28 U.S.C. § 1361.  On February 21, 2014, he consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

    On February 25, 2014, the Court dismissed the petition.  Judgment was entered the same day.  On March 10, 2014, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b).  The Court denied the motion on March 14, 2014.  On March 28, 2014, he filed a second motion for reconsideration.

    Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

1

(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Petitioner's second motion for reconsideration appears to be an attempt to file an amended petition for writ of habeas corpus. In this petition, he has withdrawn his claims concerning the warden of Kern Valley State Prison. It appears he now only seeks to challenge his conviction by claiming violations under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and California Proposition 36 of 2012. Petitioner is informed that the case is closed, and the Court finds no reason to reconsider the final order. As Petitioner was previously advised, any challenge to his underlying conviction must be presented by habeas petition in the district where he was convicted. Since Petitioner was convicted in the Los Angeles County Superior Court, the proper venue for a habeas action is the Central District of California.

Accordingly, Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **March 31, 2014**

_____
UNITED STATES MAGISTRATE JUDGE